Marri Derby, State Bar Number 107209
Law Offices of Marri Derby
23 Corporate Plaza, Ste. 150
Newport Beach, CA 92660
marri@marriderbylaw.com
Phone: (949) 478-5084
Fax: (949) 608-7034

Attorney for Defendant Peter Wexler

United States District Court

For The Central District of California

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    v.<br><br>Peter Wexler,<br><br>        Defendant. | Case No SA CR 15-00122-JLS<br><br>**Motion for Advance Ruling on Jury Instructions Regarding Elements of True Threat; Memorandum of Points and Authorities: Declaration of Marri Derby; Exhibit A**<br><br>Motion Date: February 5, 2016<br>Time: 9:30 am |

Defendant Peter Wexler, through counsel, Marri Derby, requests this Honorable Court rule in advance of the trial on the jury instructions regarding the elements of True Threats. This memorandum is based upon the attached memorandum of points and authorities, the declaration of Marri Derby, Exhibit A, the files and records in this case, and any other evidence and argument presented at the hearing.

Dated: January 19, 2016          Respectfully Submitted,


                            _____/s/Marri Derby_____
                            Marri Derby
                            Attorney for Peter Wexler

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Introduction

Defendant Peter Wexler respectfully requests this Court rule on the jury instructions regarding the mens rea required, under the First Amendment, for any criminal prosecution of speech as a threat. Under the Ninth Circuit's decision in *United States v. Bagdasarian*, 652 F.3d 1113 (9th Cir. 2011), a case factually analogous to this one[1], any criminal prosecution of any speech act, under any criminal statute, requires a showing of specific subjective intent by the defendant that the speech in question be interpreted by the recipient as a statement of a specific intention to use wrongful force against the recipient.

The government has proposed instructions that define "threat" without reference to Defendant's subjective intent, and include an alternative, lower mens rea of "knowing." These instructions flatly violate the clear command of *Bagdasarian*. It is vital to Defendant's preparation for trial that Defendant have notice, well before trial, of the instruction the Court intends to give.

### 2. Relevant Factual and Procedural Background

Defendant was indicted on October 7, 2015, and charged with making threats against federal agents. The alleged threats consisted entirely of postings on Defendant's satirical political blog. For years, Defendant posted commentary on the blog regarding U.S. policy, with a particular focus on what Defendant sees as the hypocrisy of many U.S. government positions regarding police violence, the use of military force, and U.S. alliances with certain Middle Eastern countries, including Israel.

Following some posts by Mr. Wexler about police violence to unarmed blacks, including the Sandra Bland incident, an anonymous commenter called the Orange County Crime Stoppers apparently alleging that Defendant was so sympathetic to victims of police violence that he was advocating violence to police in retaliation. The commenter

---

[1] *Bagdasarian*, like this case, was a prosecution for making threats against a public official, based upon online postings. 652 F.3d at 1116.

also stated Mr. Wexler was sympathetic to radical Islam. (Defendant is Jewish and does not support radical Islam. Defendant's central political argument regarding radical Islam is that the U.S. ally Saudi Arabia is the primary financial supporter of radical Islam, and that U.S. military interventions in the Middle East are major drivers of recruitment by extremist groups. These arguments are core political speech.)

In response to the anonymous call, on September 7, 2015, two FBI agents showed up at Defendant's home, without a warrant, and questioned him about his blog postings. Defendant was shocked, frightened and outraged at this display of what appeared to him to be outright deployment of "thought police". He posted several items on his blog discussing the FBI visit. These postings are the basis for his indictment.

Defendant intends to go to trial and defend his speech as fully protected by the First Amendment.

On November 25, 2015, in response to a request by the Defendant, the government sent Defendant a set of proposed jury instructions. Those instructions included a definition of "threat" that makes no reference to the defendant's intent; and also included two instructions on mens rea that, in addition to the subjective intent mens rea, included an alternative, lower mens rea of "knowing." A copy of the instructions offered by the Government are attached as Exhibit A.

### 3.  Legal Argument

There is no ambiguity in this Circuit. The constitutional threshold that must be met before any speech act can be prosecuted as a threat is clear: no speech act may be prosecuted as a threat, under any statute, unless the government proves that the speaker specifically intended "to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Bagdasarian*, supra, 652 F.3d at 1117; *United States v. Cassel*, 408 F.3d 622 (9th Cir. 2005).

The First Amendment requires a showing of specific intent—a "subjective test"— for speech to be constitutionally criminalized as a threat (under any statute):

"Although the State cannot criminalize constitutionally protected speech, the First Amendment does not immunize "true threats." The Court held in *Virginia v. Black*, 538 U.S. 343 (2003), that **under the First Amendment the State can punish threatening expression, but only if the "speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals**." It is therefore not sufficient that objective observers would reasonably perceive such speech as a threat of injury or death…. In order to affirm a conviction under any threat statute that criminalizes pure speech, we must find sufficient evidence that the speech at issue constitutes a "true threat," as defined in Black. Because the true threat requirement is imposed by the Constitution, the subjective test set forth in Black must be read into all threat statutes that criminalize pure speech."

*Bagdasarian*, at 1117 (emphasis added).

It cannot be disputed that the jury instructions in this case must instruct the jury that it is an element of the offense that Defendant "meant to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Moreover, the jury instructions must explain that "it is not sufficient that objective observers would reasonably perceive such speech as a threat of injury or death…"

The instructions proposed by the Government do not meet the strict *Bagdasarian* standard. The deficiencies in the government's proposed instructions occur both in the government's proposed definition of "threat" and in the government's proposed instructions on "mens rea". The government's proposed definition of threat is as follows:

**Government's Proposed No. 14:**

"A threat is a serious statement expressing an intention to inflict bodily injury or murder at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said jokingly."

The government's proposed instructions on mens rea are in relevant part as follows:

**Government's Proposed No. 13:**

"[Defendant] intended the statement to be a threat **or made the statement knowing that the words would be viewed as a threat."** (emphasis added)

**Government's Proposed No. 18:**

"To find that [Defendant] threatened to assault [Victim], you must find beyond a reasonable doubt that [Defendant] made an intentional **<u>or knowing</u>** threat…" (emphasis added)

All three instructions contravene *Bagdasarian*, *Cassel*, and the Supreme Court holdings in *Virgina v. Black, 538* U.S. 343 (2003) and the recent Supreme Court case, *Elonis* v. United States, 575 U.S. ____ (2015). First, as to Proposed Instruction No. 14, the definition should read: "a threat is a statement that the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." The government's definition refers only to the content of the utterance, and makes no reference to the intention of the speaker. It is therefore prejudicially ambiguous, because under *Bagdasarian*, the specific intent of the speaker is the necessary definitional element of a criminally actionable threat.[2]

Second, as to Proposed Instructions Nos. 13 and 18, the highlighted portions are flatly at odds with *Bagdasarian*, because they propose an alternative, lesser mens rea

---

[2] The Proposed Instruction also misleadingly implies that in order to not be a threat, an utterance must be "idle or careless talk, exaggeration, or something said jokingly." This implication is meritless and extraordinarily prejudicial, because it leaves out the infinite array of potential utterances that are neither threats nor "idle or careless talk, exaggeration, or something said jokingly." Among such obviously-protected categories of utterances is political rhetoric.

It is also unclear how Defendant could coherently be said to "know," at the time he made his blog postings, that "the words would be viewed as a threat" by ADIC Bowdich. Regardless how a jury interprets the term "knowing," it is undoubtedly conceptually distinct from "specifically intended"—and thus it is illegal under *Bagdasarian*.

("knowing") in addition to subjective intent. Under the government's proposed instructions, a defendant who made a statement not intending it to be a threat, but "knowing that the words would be viewed as a threat," would be guilty. The government has proposed an instruction under which it could convict Defendant *even if the jury agrees* that Defendant did not subjectively intend any statements on the blog to be interpreted as threats.

It is vital to Defendant's preparation for this case that he have sufficient notice in advance of trial as to what the instruction on *mens rea*—which will be the most important instruction in the case—the Court will give. Defendant does not intend to deny that he posted the alleged statements on his online blog. Rather, Defendant's defense is likely to be that he did not subjectively intend anything on the blog as a serious expression of an intent to use violence against anyone. Instead, the blog is satirical political commentary.

Accordingly, Defendant requests that the Court rule on the instructions defining "threat" and the required mens rea. Defendant requests that the Court rule that the instructions (the final language can be set in the ordinary course) shall include the following language, per *Bagdasarian*:

No. 14 (Definition of "Threat"):

"A threat is a statement that the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. Any other type of statement is not a threat. The fact that objective observers would reasonably perceive speech as a threat is not sufficient to make that speech a threat, if the speaker does not subjectively intend the speech as a threat."

No. 13 (Mens Rea):

"In order to convict, the jury must find that Defendant meant to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. If Defendant did not mean to communicate a serious

expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals, then he is not guilty, regardless of how any individual or group of individuals actually interpreted Defendant's statement[s], or how objective observers would reasonably perceive Defendant's statements."

No. 18 (Mens Rea):

"To find that Defendant threatened any individual, you must find beyond a reasonable doubt that Defendant meant to communicate a serious expression of an intent to commit an act of unlawful violence to that particular individual or group of individuals. If Defendant did not mean to communicate a serious expression of an intent to commit an act of unlawful violence to that particular individual or group of individuals, then he is not guilty, regardless of how any individual or group of individuals actually interpreted Defendant's statement[s], or how objective observers would reasonably perceive Defendant's statements."

## 4.   Conclusion

This case presents issues regarding one of this country's most treasured values: Political Speech protected by the First Amendment. Our Ninth Circuit stated in *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011 (2008), "We have recognized that certain types of speech enjoy special status.   See, e.g., *Nat'l Adver. Co. v. City of Orange*, 861 F.2d 246, 248 (9th Cir.1988) ("The first amendment affords greater protection to noncommercial than to commercial expression.").   Political speech is core First Amendment speech, critical to the functioning of our democratic system. The Peace Network's protest of the United States military action in Iraq is the type of speech that "rest[s] on the highest rung of the hierarchy of First Amendment values." (Citations Omitted.) Peter Wexler's speech posted on his blog regarding the United States' involvement in the Middle East and police violence against unarmed black citizens is core political speech protected by the First Amendment. He may have chosen offensive words and pictures, but those words and pictures are protected nonetheless.

Dated: January 19, 2016

Respectfully Submitted,

_/s/_____
Marri Derby
Attorney for Peter Wexler

### DECLARATION OF MARRI DERBY

I am an attorney licensed to practice law in the State of California and before this Court. I am attorney of record in this matter.

On November 24, 2015, I emailed AUSA Allen Chiu asking for proposed jury instructions. The request was made early because the Government made a proposed plea offer to Mr. Wexler that expired November 30th. I explained to AUSA Chiu that the instructions would aid in the analysis of and explanation of the pros and cons of the proposed plea offer.

On November 25th, AUSA Chiu provided me with the instructions recently given in *United States v. Latka*, CR No. 15-0095, which involved a charge of 18 USC 115, threats against a federal officer. He expressed these were sent as an example only. The instructions sent by AUSA Chiu are attached as Exhibit A.

After great amounts of research and conversations with Mr. Wexler, this matter is proceeding to trial. The defense is based upon lack of specific intent. The trial date is fast approaching. The need for early determination of the jury instructions is vital to preparation of the defense.

I declare the above is true and correct to the best of my recollection, dated January 19, 2016, Newport Beach, California.


　　　　　　　　　　　　　　／s/Marri Derby
　　　　　　　　　　　　　　Marri Derby
　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　PETER WEXLER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-00095-DSF |
| Plaintiff, | <u>JURY INSTRUCTIONS</u> |
| v. | |
| RICHARD DOUGLAS LATKA, | |
| Defendant. | |

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions - or into anything I may have said or done - any suggestion as to what verdict you should return — that is a matter entirely up to you.

INSTRUCTION NO. 2

A defendant in a criminal case has an absolute constitutional right not to testify.  The fact that Richard Latka did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict and you may not draw any inference of any kind from the fact that Latka did not testify.

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. As jurors, you are responsible for deciding the credibility of witnesses, and you determine the importance, or weight, if any, each witness's testimony deserves.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony or cause you to view it as unreliable.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Further, innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy consider whether it

pertains to a matter of importance, whether it results from innocent error or from intentional falsehood, and whether it undermines the reliability of the testimony.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable or reliable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

The Spanish language has been used during this trial. The evidence you are to consider is only that provided through the official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation and disregard any different meaning.

INSTRUCTION NO. 8

You heard a recording that has been received into evidence.  A transcript of the recording was provided to help you identify speakers and to help you decide what the speakers said.  Remember that the recording is the evidence, not the transcript.  If you heard something different from what appears in the transcript, what you heard is controlling.  Listen carefully; the transcript will not be available during your deliberations.

INSTRUCTION NO. 9

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

INSTRUCTION NO. 10

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 11

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

INSTRUCTION NO. 12

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 13

Richard Latka is charged with threatening a federal law enforcement officer.  In order for Latka to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that Latka made a statement that constituted a threat to assault or murder Chad Ellsworth;

Second, that Latka intended the statement to be a threat or made the statement knowing that the words would be viewed as a threat;

Third, that a reasonable person making the statement would foresee that the statement would be interpreted by those to whom the maker communicated the statement as a serious threat;

Fourth, that Ellsworth was a federal law enforcement officer at the time the threat was made; and

Fifth, that the threat was made with the intent to impede, intimidate, or interfere with Ellsworth while he was engaged in the performance of his official duties.

INSTRUCTION NO. 14

A threat is a serious statement expressing an intention to inflict bodily injury or murder at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said jokingly.

To determine whether or not the statement constitutes a threat, you should consider the circumstances under which the alleged threat was made, including its context with respect to surrounding conversation, the language Latka used, the reaction of those who heard the statements, the physical and mental condition of Latka, and whether the statements were conditional.

It is not necessary that the government prove that Latka intended to carry out the threat or that he had the present ability to carry out the threat.

It is not necessary that the government prove the exact words of the threat.

Latka need not communicate the threat directly to the intended target; receipt of the threat only by a third party is sufficient, if all the other elements have been proved beyond a reasonable doubt.

INSTRUCTION NO. 15

The government must prove beyond a reasonable doubt that Ellsworth was a federal law enforcement officer at the time the threat was made, but the government does not have to prove Latka knew that Ellsworth was a federal law enforcement officer.

A federal law enforcement officer is any officer, agent, or other employee of the United States government who is authorized by law or by a government agency to engage in or supervise the prevention, detection, investigation, or prosecution of any violation of federal criminal law.

INSTRUCTION NO. 16

The government must prove beyond a reasonable doubt that Latka made the threat with the intent to impede, intimidate, or interfere with Ellsworth while Ellsworth was engaged in the performance of his official duties.

"Impede" means to stop the progress, obstruct or hinder. "Intimidate" means to make timid or fearful, to inspire or affect with fear, to frighten, or to deter. "Interfere with" means to come into collision with, to intermeddle, to hinder, to interpose, or to intervene.

INSTRUCTION NO. 17

The government has alleged that defendant made three statements that threatened Ellsworth.

For each statement alleged by the government to be a threat, the government must prove all of the elements of the offense beyond a reasonable doubt. To find the defendant guilty, you must unanimously agree as to each element of the offense with respect to at least one of the alleged statements. If you do not unanimously agree that the government proved each element of the offense with respect to any of the alleged statements, or if some of you believe that the defendant is guilty for one of the alleged statements and others believe that the defendant is guilty for a different alleged statement, you must find the defendant not guilty.

INSTRUCTION NO. 18

If you unanimously find that the government has proven each element of the alleged offense beyond a reasonable doubt, you must also decide whether the government has proven beyond a reasonable doubt that (1) Latka made a threat to assault Ellsworth or (2) that Latka made a threat to murder him. You must unanimously agree on the type of threat that the government proved beyond a reasonable doubt.

To find that Latka threatened to assault Ellsworth, you must find beyond a reasonable doubt that Latka made an intentional or knowing threat to intentionally strike Ellsworth or to willfully inflict bodily injury on him.

To find that Latka threatened to murder Ellsworth, you must find beyond a reasonable doubt that Latka made an intentional or knowing threat to unlawfully kill Ellsworth with malice aforethought. To "kill with malice aforethought" means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

INSTRUCTION NO. 19

You may consider evidence of Latka's mental condition in deciding whether the government has proved beyond a reasonable doubt that Latka acted with the intent required to commit threatening a federal law enforcement officer.

INSTRUCTION NO. 20

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.

But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 21

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If

23

any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 22

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

INSTRUCTION NO. 23

The punishment provided by law for this crime is for the Court to decide.  You may not consider punishment in deciding whether the government has proved its case against Latka beyond a reasonable doubt.

INSTRUCTION NO. 24

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

INSTRUCTION NO. 25

    If it becomes necessary during your deliberations to
communicate with me, you may send a note through the bailiff, signed
by any one or more of you.  No member of the jury should ever
attempt to communicate with me except by a signed writing, and I
will respond to the jury concerning the case only in writing or here
in open court.  If you send out a question, I will consult with the
lawyers before answering it, which may take some time.  You may
continue your deliberations while waiting for the answer to any
question.  Remember that you are not to tell anyone — including me —
how the jury stands, numerically or otherwise, on any question
submitted to you, including the question of the guilt, until after
you have reached a unanimous verdict or have been discharged.