MARRI DERBY (107209)
marri@marriderbylaw.com
23 Corporate Plaza Dr., Ste. 150
Newport Beach, CA 92660
Telephone: (949) 478-5084
Fax: (949) 608-7034

*Attorney for Defendant PETER WEXLER*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>  v.<br><br>PETER WEXLER<br><br>    *Defendant.* | Case No.: 8:15-CR-00122-JLS<br><br>**OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING DISCLOSURE OF MENTAL HEALTH RECORDS, INCLUDING PRIOR EXAMINATIONS; MEMORANDUM OF POINTS AND AUTHORITES**<br><br>Hearing Date:  August 12, 2016<br>Time Estimate:  15 minutes |

Defendant PETER WEXLER, through counsel, Marri Derby, hereby opposes, in part, the government's Motion for Reconsideration of Court's Order Denying Disclosure of Mental Health Records and Records of Prior Examinations. This opposition is based on the attached memorandum of points and authorities, all files and records in this case, and such additional evidence and argument as may be presented regarding the application.

Dated: July 23, 2016                                  Respectfully Submitted,

                                                                        /s/ Marri Derby
                                                                        Marri Derby
                                                                        Counsel for Peter Wexler

1

# MEMORANDUM OF POINTS AND AUTHORITES

## 1. INTRODUCTION

On June 23, 2016, the government filed an Ex Parte Application for a mental health examination of Mr. Wexler by an expert of its choosing. It additionally requested disclosure of all medical and mental health records regarding Mr. Wexler from Santa Ana Jail and MDC, and an evaluation conducted by the defense at the outset of the case. This Court ruled on the briefs filed by the parties, granting in part (allowing for a government psychiatric examination) and denying in part (disclosure of records). The government now seeks to re-argue it's position.

## 2. THE SANTA ANA JAIL RECORDS HAVE BEEN PROVIDED TO THE GOVERNMENT

After this court issued its ruling on July 8, 2016, the parties conferred. The defense suggested that after the defense obtains the records and after a review, the defense would most likely provide them to the government. The government objected to this proposal. However, the defense subsequently obtained, reviewed and disclosed the Santa Ana Jail medical and mental health records to defense expert Dr. Saint Martin, the government, and their expert Dr. Faerstein (See Doc. 130). Therefore, this issue is moot.

## 3. MDC RECORDS

The defense is in the process of obtaining these records and will most likely disclose them to the government after they have been reviewed. If there are objections the matter may be brought to the court's attention at that time.

## 4. DISCLOSURE OF PRIOR DEFENSE RETAINED MENTAL HEALTH DOCUMENTS

The government has offered nothing new in its Motion for Reconsideration on this issue. The government continues to rely upon *Pawlyk v. Wood*, 48 F. 3d 815 (9th Cir. 2001). As argued in Defendant's Opposition to the Government Ex Parte Application (Doc. 119), the court in *Pawlyk* ruled only that the state discovery rule empowering disclosure was not unconstitutional. The government

cites no comparable federal rule authorizing disclosure because there is none.  In fact, the federal rules pertaining to disclosure are strikingly silent.  Federal Rules of Criminal Procedure 16 and 12.2 say nothing about authorizing either party to obtain documents from a party where the party does not intend to introduce them and were not relied upon by any witness.  In fact, court ordered disclosure would be a *violation* of Federal Rules, a violation of Federal Rule of Evidence 502. In California, the government is expressly not entitled to such documents (*Rodriguez v. Superior Court,* 14 Cal. App. 4th 1260 (1993); *Andrade v. Superior Court* 46 Cal. App. 4th 1609 (1996); Penal Code Section 1054.6).

Again, as stated in Defendant's Opposition to the Government's Ex Parte Application (Doc. 119, page 15), if the Court is inclined to order disclosure, Mr. Wexler adamantly requests an in camera hearing to address the several issues that would be raised by disclosure.

Last, Defendant has no objection to the first paragraph of the proposed order (Doc. 123-1), assuming it means:  Disclose all prior mental health evaluations and materials upon which proposed witnesses relied.

### 5. CONCLUSION

Defendant respectfully requests the Court deny the governments motion as either moot or contrary to law.

Respectfully submitted,

Dated: July 23, 2016            /s/Marri Derby
Marri Derby
Attorney for Peter Wexler

3