Marri Derby, State Bar Number 107209
Law Offices of Marri Derby
23 Corporate Plaza, Ste. 150
Newport Beach, CA 92660
marri@marriderbylaw.com
Phone: (949) 478-5084
Fax: (949) 608-7034

Attorney for Defendant Peter Wexler

United States District Court

For The Central District of California

| United States of America, | ) Case No SA CR 15-00122-JLS |
|---|---|
| Plaintiff, | ) **DEFENDANT'S OBJECTIONS TO CERTAIN GOVERNMENT PROPOSED JURY QUESTIONS; DEFENDANT'S PROPOSED JURY QUESTIONS** |
| v. | |
| Peter Wexler, | ) Trial date: August 23, 2016 |
| Defendant. | ) Time: 8:30 am |

    Defendant PETER WEXLER, through counsel, Marri Derby hereby files objections to certain jury questions proposed by the government and files his proposed voir dire questions.

Dated: August 20, 2016                    Respectfully Submitted,


                                                   /s/Marri Derby
                                         Marri Derby
                                         Attorney for Peter Wexler

## 1. OBJECTIONS TO CERTAIN GOVERNMENT PROPOSED QUESTIONS

Defendant Peter Wexler objects to certain of the Government's Proposed Voir Dire (Doc. 168) as follows:

**Proposed Question 10:**

This question misstates the law. Believing guilt or innocence is not sufficient. The question should be amended to state on line 4, "If you have reasonable doubt, will you vote not guilty? If you find that each element of the charge has been proven beyond a reasonable doubt, will you vote guilty?

**Proposed Question 17:**

Defendant objects to Proposed Question 17 in two respects:

First, the question is improper because it begins: "This crime alleges…." (Question 17, p.3, line 25.) This wording is completely improper. It is incoherent grammatically—and more importantly, legally untrue and massively prejudicial—to say "This crime alleges" in voir dire.

It would be proper to say that "The Government alleges…" or "the Indictment charges…"

Second, the question is improper because it asks: "Is there anything about the victims' status that would make it difficult for you to consider them as victims?" (Question 17, p.3 line 28 – p.4 line 2.) This wording is also completely improper, and deliberately suggestive of the Government's desired answer. The existence of the alleged crime, and thus the existence of any victimhood, is *alleged*—not proven. It would be highly prejudicial for the panel to hear the court *describe* the agents as "victims" in the very same question in which the court is asking the panel whether they would be able to consider law enforcement agents as victims.

It would be proper to say "the alleged victims."

**Proposed Question 31**

Proposed Question 31 is vague, legally conclusory and therefore improper, because it asks the panel whether they or a friend have been the "victim" of "criminal threats."   The Government's question is deliberately suggestive, attempting to prime the panel to view alleged threats as "criminal," and recipients thereof as "victims."

It would be proper to ask whether any panel member has been involved in a criminal case involving a charge of threats.

It would also be proper to ask whether any panel member was ever the recipient or target of a statement that he or she believed to be a threat.

(The Government's language blurs the distinction between the above two formulations.)

**Proposed Questions 34, 35, and 36**

Proposed Questions 34, 35, and 36 are manifestly improper.  They appear to be blatant attempts to taint the entire panel by suggesting that this case involves some sort of terrorist activity, to trigger the panel's fears and anxieties, and to link the defendant to completely unrelated events.

It is grotesque for the Government to attempt to smuggle in references to 9/11 in voir dire.  It is even more grotesque for the Government to refer to the terrorist attacks in San Bernardino, Orlando, and Europe, that also have no connection whatsoever to this case, and had not even occurred at the time of the blog posts at issue in this case.  The Government wants to sneak into voir dire the insinuation that the Defendant is some sort of terrorist; these three questions are just versions of: "The Defendant is a terrorist; could you be fair?"  Asking them would taint the panel immediately.

**Proposed Questions 37-42**

Proposed Questions 37-42 are improper.  Again, the Government is attempting to taint the panel by suggesting that the defendant is going to argue that he has a "mental health issue" such that he "cannot be held responsible" for his "crimes."  This line of questions is particularly improper because Defendant has already informed the

Government and the Court that he is not presenting any diminished capacity or similar defense.

The Defendant has no objections to the remaining proposed questions offered by the government.

## 2.  DEFENDANT'S PROPOSED JURY QUESTIONS

**Defendant Proposed Question 1:**

Prior Jury Service

a.  Have you served on a jury before?

b.  Civil or Criminal?

c.  How long ago?

d.  Anything about your service that was positive or negative?

**Defendant Proposed Question 2:**

Capacity to be a Juror

a.  Do you have any language, health, hearing, vision, or other physical problems that might make it difficult for you to sit as a juror in this case?

b.  Do you have any mental or emotional problems that might make it difficult for you to sit as a juror in this case? If yes, explain

c.  Do you take any medication that might make it difficult for you to concentrate? If yes, explain

**Defendant Proposed Question 3:**

Fundamental Principals of Law

I am going to read to you some fundamental principles of law and then ask you some questions.

a. The defendant is presumed innocent.

b. The government must prove each element of each charge beyond a reasonable doubt.

c. The fact that an indictment has been filed is not evidence of guilt.  It is not evidence at all.

1       d. The defendant is not under any obligation to produce any evidence or prove
2 anything.
3       e. The defendant does not have any obligation to testify.  If the Defendant chooses
4 not to testify, you are not to draw any adverse inference.
5       f. You must wait until all of the evidence has been presented and you have
6 deliberated with your fellow jurors before making up your mind as to guilt or innocence.
7       -Does anyone have any questions about these fundamental principles of law?
8       -Does anyone think they may have any difficulty following any of these
9 fundamental principles of law?
10       -Whether you agree or disagree with the law, you understand you must follow the
11 law as I instruct you.
12 **Defendant Proposed Question 4**
13       Do you believe that the law which presumes that a defendant is innocent until
14 proven guilty beyond a reasonable doubt should be changed to make it easier for the
15 prosecution? If yes, explain
16 **Defendant Proposed Question 5**
17       If there are two reasonable interpretations from the evidence – one pointing to
18 guilt the other Innocence—you must adopt the one pointing towards innocence.  Do you
19 understand?  Any questions regarding this?
20 **Defendant Proposed Question 6**
21       Is there anything about the charges that gives you a reason to believe that you
22 would be better suited to be a juror in a different case? If yes, explain.
23 **Defendant Proposed Question 7**
24       Have you, a family member or close friend ever worked for the federal, state or
25 local government? If yes, explain.
26 **Defendant Proposed Question 8**
27       If you are selected as a jury, would you feel any pressure from family or friends to
28 vote for a particular outcome, either guilty or not guilty? If yes, explain.

**Defendant Proposed Question 9**

Are you offended by cursing or the use of vulgar language? If yes, explain

**Defendant Proposed Question 10**

Where do you get your news from, and how often do you watch, read or listen to the news?

**Defendant Proposed Question 11**

How often do you listen to the radio and what do you listen to?

**Defendant Proposed Question 12**

Current situation in the Middle East

    a. How would you rank your knowledge of the history and current events of the Middle East?  Vast Knowledge—General knowledge—minimal knowledge?

    b. Have you ever traveled to any countries in the Middle East?  Which ones?

    c. How would you rank your knowledge of US policies in the Middle East?  Vast, general or minimal?

    d. Do the events in the Middle East cause you to fear for your safety? Which best describes you?

        -Great fear (worry about something happening to you or your family often such that you avoid certain places and take other precautionary actions);

        -General fears (think about it often but don't change your behavior);

        -Minimal fears (read about it, but don't think about it much and go on with normal routines).

**Defendant Proposed Question 13**

How would you describe your knowledge of the Black Lives Matter Movement? (Vast, General or Minimal?)

| | |
|---|---|
| Dated: August 20, 2016 | Respectfully Submitted, |
| | /s/ |
| | Marri Derby |
| | Attorney for Defendant Peter Wexler |