Marri Derby, State Bar Number 107209
Law Offices of Marri Derby
23 Corporate Plaza, Ste. 150
Newport Beach, CA 92660
marri@marriderbylaw.com
Phone: (949) 478-5084
Fax: (949) 608-7034

Attorney for Defendant Peter Wexler

United States District Court

For The Central District of California

| United States of America, | ) | Case No SA CR 15-00122-JLS |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT'S STATUS UPDATE REGARDING JURY INSTRUCTIONS** |
| v. | ) | Trial date:  August 23, 2016 |
| Peter Wexler, | ) | Time:  8:30 am |
| Defendant. | ) | |

Defendant PETER WEXLER, through counsel, Marri Derby hereby files his Status Update regarding Jury Instructions.

Dated:  August 21, 2016          Respectfully Submitted,


_____/s/Marri Derby_____
Marri Derby
Attorney for Peter Wexler

## 1.  INTRODUCTION

The Government and Defendant still dispute the proper substantive jury instructions.  Most importantly, Defendant requests that Instruction No. 1 be a definition of "threat"; the Government opposes that request.   Second, the parties disagree as to the instructions defining the two charged offenses. Third, the government is asking for a definition of Knowing, which is inapplicable.

## 2.  DEFINITION OF THREAT

Defendant requests, as set forth in the parties' original Proposed Joint and Disputed Jury Instructions, Doc. 68, that the Court give as the first instruction a definition of "threat."  That proposed instruction is Defendant's Proposed Instruction No. 1, Doc. 68 at p.17 (ECF numbering p.19 of 30).  The language in Defendant's Proposed Instruction No. 1 is taken directly from *United States v. Bagdasarian*, 652 F.3d 1113 (2011).

The Government proposes a definition of threat in its Proposed Instruction No. 3. Defendant's instruction is preferable because it is accurate and complete, while the Government's Proposed Instruction No. 3 is misleading.

*First*, the Government leaves the speaker's intent out of the definition entirely—directly contrary to the law.

- <u>Government</u>: "A 'threat' for purposes of this case means a communication which contains a serious expression of an intent to injure or kill another person."
- <u>Defendant</u>: "A 'threat' for purposes of this case means a communication specifically intended by the speaker to be interpreted as a serious expression of an intent to murder or physically harm the recipient, and would be interpreted by a reasonable person as a serious expression of an intent to murder or physically harm the recipient."

Defendant's instruction directly tracks the definition of "true threat" given by *Bagdasarian*.  The Government's does not.  The Government leaves out intent altogether;

under the Government's instruction, a statement could be a "threat" even if the speaker did not intend it to be one--- directly in contravention of the plain requirements of *Bagdasarian* and *Black*. *Bagdasarian*, 652 F.3d at 1116 ("The Court held in *Virginia v. Black*, 538 U.S. 343, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003), that under the First Amendment the State can punish threatening expression, but only if the "speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.")

The Government seeks to smuggle in a definition of "threat" that omits that necessary intent element.  It would be reversible error to give Government's Proposed Instruction No. 3.  (Defendant's Proposed Instruction No. 1 provides the subjective and objective elements of "true threat" at lines 10-14.)

Second, the Government's Proposed Instruction No. 3 omits any mention of the types of statements specifically held not to be threats in *Bagdasarian, Black*, and prior threats caselaw, including *Watts*.  Specifically, *Bagdasarian* held expressly that predictions and exhortations are not threats, 652 F.3d at 1119 ("The threat statute, however, does not criminalize predictions or exhortations to others to injure or kill the President."

 Precisely the same is true of hyperbole.  *Watts v. United States*, 394 U.S. 705, 708 ("But whatever the "willfullness" requirement implies, the statute initially requires the Government to prove a true "threat." We do not believe that the kind of political hyperbole indulged in by petitioner fits within that statutory term.")

The rest of the above passage from Watts is particularly instructive on the instant point of dispute between Defendant and the Government:

> For we must interpret the language Congress chose "against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan*, 376 U. S. 254, 270 (1964). The language of the political arena, like the language

used in labor disputes, *see Linn v. United Plant Guard Workers of America*, 383 U. S. 53, 58 (1966), is often vituperative, abusive, and inexact. We agree with petitioner that his only offense here was "a kind of very crude offensive method of stating a political opposition to the President." Taken in context, and regarding the expressly conditional nature of the statement and the reaction of the listeners, we do not see how it could be interpreted otherwise.

*Id.*

*Bagdasarian* and *Watts* are the law, and the Government is obliged to accept it.  It would be reversible error to refuse a requested instruction literally quoting the controlling Ninth Circuit and Supreme Court cases.

## 3.   ELEMENTS OF OFFENSES

As to Government's Proposed Instruction No. 1 and No. 2, which correspond to Defendant's Proposed Instructions No. 2 and No. 3, there remain three disputes**.**

### 3.1 First Element

Government: "The defendant knowingly transmitted a communication on an internet blog post containing a threat…"

Defendant: "The defendant knowingly transmitted a threat, as defined in Instruction No. 1…"

The Government's instruction is an attempt to obfuscate the subjective intent element of the offense.

### 3.2 Subjective Intent

Government: "Defendant intended that the communication be understood as…"

Defendant: "When Defendant transmitted the statement, he specifically intended that his communication be taken…"

Defendant requested that the Government insert "specifically"; the Government refused.  There is no legitimate explanation for the Government's refusal.   This is not "general intent" crime; it is a specific intent crime and the Government must prove that

the Defendant specifically intended that the statements be interpreted as threats.  The Government's opposition lacks merit and should be rejected.

### 3.3 "In Its Full Context"

Government: "A reasonable person would interpret the communication as…"

Defendant: "A reasonable person hearing or reading the statement in its full context would interpret it as…"

Again, the Government's refusal to adopt the phrase "in its full context" is contrary to law.  Watts expressly requires that alleged threats be "taken in context," *Watts*, 394 U.S. at 708; and *Bagdasarian* uses the phrase no less than 15 times, including expressly in the definition of the reasonable-person test:

> This objective test requires the fact-finder to look at the entire
> factual context of [the] statements including: the surrounding events,
> the listeners' reaction, and whether the words are conditional. Id. It is
> necessary, then, to determine whether Bagdasarian's statements,
> considered in their full context, would be interpreted by those to
> whom the maker communicates the statement as a serious expression
> of an intention to inflict bodily harm on or to take the life of
> [Obama].

*Bagdasarian*, 652 F. 3d at 1116.

Given that the precise enunciation of the reasonable-person test by the Ninth Circuit contains the phrases "entire factual context" and "in their full context," it would be reversible error to refuse to instruct the jury to consider the "full context" of Defendant's blog posts.

### 4.   DEFINITION OF KNOWING

The government filed, yesterday, a request for an instruction on the definition of "Knowing".  We have been litigating instructions for over seven months. This

is the first time this instruction was offered by the government.  The defense objects to this instruction as irrelevant and confusing.  This instruction would only confuse the jurors on the definition of specific intent required for a "true threat".

## 5.   GOVERNMENT PROPOSED INSTRUCTION ON INTENT

The government also filed, yesterday, a request for an instruction regarding how to consider evidence regarding intent.  Again, after seven months of litigation, this is the first time this instruction was proposed.  The defense has not had time to properly reflect and research this proposed instruction.  Along with the new proposed instructions, the government has also dumped new discovery on the defense.  Consequently, the defense does not have a response yet to this requested instruction.

## 6.   IMPORTANCE OF TIMELY RESOLUTION OF DISPUTE

Because the precise wording of the elements of the offenses and the definition of "threat" are of great importance for opening statements and trial strategy, Defendant requests that the Court resolve the dispute over the above substantive instructions prior to opening statements.

Dated: August 22, 2016                              Respectfully Submitted,


                                                    /s/_____
                                                    Marri Derby
                                                    Attorney for Defendant Peter Wexler

- 6 -