1  MARRI DERBY (Bar No. 107209)
2  marri@marriderbylaw.com
   23 Corporate Plaza Dr., Ste. 150
3  Newport Beach, CA 92660
4  Telephone: (949) 478-5084
   Fax: (949) 608-7034
5
6  CALEB MASON (Bar No. 246653)
   Brown White & Osborn LLP
7  333 S. Hope St., 40th Floor
   Los Angeles, CA 90071
8  Telephone: 213-613-0500
   Email: cmason@brownwhitelaw.com
9  *Attorneys for Defendant PETER WEXLER*

10

11                 UNITED STATES DISTRICT COURT
12                CENTRAL DISTRICT OF CALIFORNIA
13                       SOUTHERN DIVISION
14

15  UNITED STATES OF AMERICA,           )  Case No.: 8:15-CR-00122-JLS
16            *Plaintiff,*              )
                                        )  **MOTION FOR JUDGMENT OF**
17        v.                            )  **ACQUITTAL PURSUANT TO RULE**
                                        )  **29(A) OF THE FEDERAL RULES OF**
18  PETER WEXLER                        )  **CRIMINAL PROCEDURE**
19            *Defendant.*              )
20                                      )

21
22
23        Defendant PETER WEXLER moves this Court for a Judgment of Acquittal
24  pursuant to Federal Rules of Criminal Procedure Rule 29.
25        As to all Counts, the Government has failed to present sufficient evidence for
26  a reasonable jury to reach a verdict of guilt beyond a reasonable doubt.
27        As to Counts Four, Six and Ten in violation of 18 U.S.C. Section 875(c),
28  Threats to Injure in Interstate Commerce for posts allegedly made to the Google Plus

1   account PRWEXLER2, the evidence is insufficient to prove any communication or
2   threat moved in interstate commerce, because the Government has presented no
3   admissible evidence in support of such a finding.
4       As to Count One, in violation of 18 U.S.C. Section 875(c), Threats to Injure in
5   Interstate Commerce, and Count Eleven, in violation of 18 U.S.C. 115
6   Section(a)(1)(B), Threatening a Federal Officer, the evidence is insufficient to prove
7   that a threat was made to a natural person, as required by *United States v. Havelock*,
8   66 F.3d 1284 (9th Cir. 2012).
9       This motion is based on the attached memorandum of points and authorities,
10  all files and records in this case, and such additional evidence and argument as may
11  be presented regarding the application.

13  Dated: August 26, 2016                          Respectfully Submitted,

15                                               /s/ Caleb Mason
16                                               Marri Derby
17                                               Caleb Mason
                                               Counsel for Peter Wexler

**TABLE OF CONTENTS**

**A. INTRODUCTION and RELEVANT FACTS** …………..…………..4

**B. AS TO ALL COUNTS, THE GOVERNMENT HAS FAILED TO PRODUCE SUFFICIENT EVIDENCE FOR CONVICTION**…………6

**C. THE EVIDENCE IS INSUFFICIENT TO SUPPORT A FINDING THAT ANY GOOGLE PLUS COMMUNICATION MOVED IN INTERSTATE COMMERCE**…………………….…………………...6

    1.    **The Testimony of Sarah Rodriguez, a Google Representative, Should Be Stricken In Its Entirety Because It Is Hearsay That Does Not Meet Any Exception**…………..………….6

    2.    **Because Rodriguez' Testimony Should Be Stricken, There Is Insufficient Evidence that any Posts on Mr. Wexler's Google Plus Page Moved in Interstate Commerce**……..…7

**D. AS TO COUNTS ONE AND ELEVEN, THE EVIDENCE IS INSUFFICIENT TO PROVE THAT A THREAT WAS MADE TO A NATURAL PERSON AS A MATTER OF LAW UNDER** *UNITED STATES V. HAVELOCK*, **66 F.3D 1284 (9TH Cir. 2012)** ………….…8

    1.    **Because There Was No Threat Made to A Natural Person, Count One in violation of 18 U.S.C. Section 875(c), Threats to Injure in Interstate Commerce Should Be Dismissed**……………….…………………………………….8

    2.    **Because 18 U.S.C. § 115(a)(1)(B) Prohibits Threats Against a Law Enforcement Officer - Not a Law Enforcement Agency- Count Eleven Should Be Dismissed**..........................................................................9

**CONCLUSION**………………………………………………………9

## MEMORANDUM OF POINTS AND AUTHORITES

### A. INTRODUCTION AND RELEVANT FACTS

The Government has failed to prove its case. Rule 29(a) of the Federal Rules of Criminal Procedure ("Rules") states, in relevant part:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction…

*Id.*

As to all counts, Defendant stands on his oral motion for a directed judgment of acquittal under Rule 29, because the evidence is insufficient to sustain a conviction on any count.

Additionally, as to the specific counts discussed at length herein—Counts One, Four, Six, Ten, and Eleven, Defendant presents additional reasons why the Government's evidence is insufficient as a matter of law.

The additional facts relevant to Counts Four, Six, and Ten are as follows: The Government has utterly failed to present any admissible evidence that Mr. Wexler's Google Plus postings travelled in interstate commerce. Communicating in interstate commerce is an element of Counts One through Ten, alleging violations of 18 U.S.C. § 875(c). Of those ten counts, Counts Four, Six, and Ten allege as the charged conduct posts made on Mr. Wexler's Google Plus account.

The Government's sole evidence that those Google Plus posts travelled in interstate commerce was the testimony of Google employee Sarah Rodriguez. The Government elicited from Ms. Rodriguez the statement that "Google did not have any servers servicing Google Plus in California" at the time of the relevant postings.

However, Ms. Rodriguez's testimony was rank hearsay. On cross, **she admitted that her only basis for making that assertion regarding the location of**

**Google servers was that "someone in the engineering department" told her that fact "in a conversation."**

The Government has thus failed to present admissible evidence that any of Mr. Wexler's "Google Plus" communications moved through interstate commerce. Because the testimony of Google representative Sarah Rodriguez must be stricken as hearsay that does not meet any exception, the Government has presented no admissible evidence that any posts on Mr. Wexler's Google Plus page moved in interstate commerce. Therefore, Counts Four, Six and Ten should be dismissed.

The additional facts relevant to dismissal of Counts One and Eleven are as follows. The Government introduced each of the charged posts into evidence. Each post is the basis for two counts, one under § 875 and one under § 115). Counts One and Eleven both charge the following language: "Is it murder to kill an FBI Pig who knocks on your door without a warrant? I think not. To the FBI: Don't bother me, again, unless you're looking for a Left-Handed Shave with my kitchen knife, a Schrade SCHF9, which can chop down a tree and perfectly slice a juicy red, vine-ripened tomato, in that order!"

By its terms, this post is directed "**To the FBI**." It does not refer to or identify any specific individuals or natural persons. As a matter of law, threats against agencies—as distinct from persons—are not actionable. *United States. v. Havelock*, 66 F.3d 1284 (9th Cir. 2012). Threats against the FBI as an agency are as a matter of law not criminal acts. *Id.*

*Havelock* reversed a conviction under § 876, but its rationale equally applies to both § 875 and § 115(a)(1)(B), because § 875 includes the same relevant language as § 876 which prohibits threats against a law enforcement officer, because—as this Court has ruled—sections 875 and 115 adopt and employ the same definition of "threat." Because Mr. Wexler's communications as to Counts one and Eleven were made "**to the FBI**" as an agency, rather than to a specific individual, Counts One and Eleven should be dismissed.

### B. AS TO ALL COUNTS, THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A VERDICT OF GUILTY

As to all counts, without limitation and in addition to the specific arguments set forth herein, Defendant reasserts his oral motion for a directed judgment of acquittal under Rule 29, because the evidence is insufficient to sustain a conviction.

### C. THE EVIDENCE IS INSUFFICIENT TO SUPPORT A FINDING THAT DEFENDANT'S GOOGLE PLUS COMMUNICATIONS MOVED IN INTERSTATE COMMERCE.

#### 1. The Testimony of Sarah Rodriguez, a Google Representative, Should Be Stricken in Its Entirety Because It Is Hearsay That Does Not Meet Any Exception.

The Federal Rules of Evidence define hearsay as a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

*See* Fed. R. Evid. 801(c).

In order for a hearsay statement to be admissible, it must fit within an exception to the rule against hearsay. *See* Fed. R. Evid. 802-805.

Sarah Rodriguez, a representative from Google, appeared as a document custodian. She testified that she worked in litigation compliance, was not an engineer, and did not perform technical functions at Google.

Nonetheless, the Government elicited from Rodriguez the testimony that Google "did not have any Google Plus servers in California" during the time period at issue in this case. But when asked on cross how she knew that, Ms. Rodriguez

testified that some other Google employee told her.  She could not even provide the name of that out-of-court declarant, when asked.[1]

Ms. Rodriguez's testimony is the purest hearsay – she merely repeated a statement made to her by a third party, and the Government sought to introduce that statement in order to prove the truth of the matter asserted by that third party: that there were no Google Plus servers located in California at the relevant time.  The Government seeks to admit for its truth a statement made out of court by a non-testifying declarant.  That is the definition of hearsay.  And no hearsay exception applies.  Ms. Rodriguez's testimony regarding Google Plus servers must be stricken.

**2. Because Rodriguez' Testimony Should Be Stricken, There Is Insufficient Evidence that any Posts on Mr. Wexler's Google Plus Page Moved in Interstate Commerce.**

Ms. Rodriguez's testimony was the Government's sole evidence as to interstate commerce on the Google Plus counts.  Without Ms. Rodriguez' testimony that there were no Google Plus servers located in California at the relevant time, there is no evidence that any of Mr. Wexler's postings on his Google Plus Page moved in interstate commerce.  Therefore, Counts Four, Six and Ten should be dismissed.

---

[1] Of course, it would not matter if her answer had been: "Larry Page (Google's founder) told me at lunch yesterday."  It would still be hearsay.  The Government simply cannot prove this fact by having a witness say, "Someone told me."  Moreover, it is worth emphasizing that the Government (if it prepared at all with this witness) *knew* that she had no personal knowledge of this fact, yet *deliberately elicited* the fact from her anyway.  The elicitation cannot have been accidental, because the witness was called as a document custodian—yet the Government elicited from her a substantive assertion *not found* in any of the documents she authenticated, as to which she had no personal knowledge. The Government cannot, and, Defendant predicts, will not, attempt to offer any legal argument for the admissibility of the rank hearsay it offered to the jury.  Yet the bell has been rung, and now Defendant must attempt to unring it.  It is inappropriate for the United States to intentionally attempt to introduce inadmissible evidence.

**MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED. RULES CRIM. P. 29**

### D. THE EVIDENCE IS INSUFFICIENT TO PROVE THAT A THREAT WAS MADE TO A NATURAL PERSON AS REQUIRED BY *UNITED STATES V. HAVELOCK*, 66 F.3D 1284 (9TH Cir. 2012).

As to Count One, for violation of 18 U.S.C. Section 875(c), and Count Eleven, for violation of 18 U.S.C. 115 Section(a)(1)(B), the evidence is insufficient to prove that a threat was made to a natural person as a matter of law under *U.S. v. Havelock*, 66 F.3d 1284 (9th Cir. 2012).

### 1. Because There Was No Threat Made to A Natural Person, Count One in violation of 18 U.S.C. Section 875(c) Should Be Dismissed.

In *Havelock*, the defendant was charged with violating 18 U.S.C. Section 876(c), which prohibits the mailing of communications "addressed to any other person and containing any threat to kidnap any person or ***any threat to injure the person of the addressee or of another.***" *See id.* at 1286. (Emphasis added). Havelock had mailed a "manifesto" to the New York Times, the Los Angeles Times, the Phoenix New Times, the Associated Press, and two websites, theshizz.org and azpunk.com, that included remarks such as "I will slay your children. I will shed the blood of the innocent." *See id.* at 1287.

The *Havelock* court held that Section 876(c) refers exclusively to an individual, or to a natural person, and therefore the statute requires that the threatening communications be addressed to a natural person. *See id.* at 1286. Although Havelock dealt with Section 876(c) mailings, the language is very similar to Section 875(c), which prohibits "***any threat to injure the person of another…***" *See* 18 U.S.C. Section 875(c)(Emphasis added). With the exception of "addressee," the language is, in fact, identical.

The *Havelock* court specifically points out that 18 U.S.C. § 875, making it a felony for someone to transmit in interstate or foreign commerce certain communications "with intent to extort from any person, firm, association, or

corporation," uses the term "person" in the limited sense of a natural person. *Id.* at 1292-1293*,* citing 18 U.S.C. § 875(c), (d).

Mr. Wexler cannot be convicted under 18 U.S.C. § 875(c) for making threats to the FBI, an agency, which is not a natural person. Count One alleges that Mr. Wexler threatened the FBI, in addressing the agency itself: "Is it murder to kill an FBI Pig who knocks on your door without a warrant? I think not. **To the FBI**: Don't bother me, again, unless you're looking for a Left-Handed Shave with my kitchen knife…" *See* Indictment, 2:9-18. (Emphasis added). Just as in *Havelock*, by its terms, this alleged threat was directed **to the agency itself**, not to a natural person. Because threats directed at agencies are not as a matter of law criminally actionable, Count One should be dismissed.

### 2. Because 18 U.S.C. § 115(a)(1)(B) Is Also Controlled by *Havelock*, Count Eleven Should Be Dismissed.

Count Eleven for violation of 18 U.S.C. § 115(a)(1)(B), which alleges the exact same language as alleged in Count One, should be dismissed for the same reason as Count One: the alleged threat is addressed to the FBI itself, and not a natural person. *Havelock*, by its reasoning, applies to § 115(a)(1)(B), because statute § 115(a)(1)(B) prohibits threats to "a Federal law enforcement **officer**." *Id.* (emphasis added*)*. Additionally, this Court has already held in this case that § 875 and § 115 apply the same substantive definition of "threat." Therefore, Havelock controls Count Eleven as well as Count One, and Count Eleven should be dismissed.

### CONCLUSION

For the foregoing reasons, Mr. Wexler moves this Court for a Judgment of Acquittal as to Counts Four, Six and Ten for posts made on his Google Plus account for failure to prove they moved in interstate commerce and as to Counts One and Eleven for failure to prove that threats were made to a natural person.

| | |
|---|---|
| Dated: August 26, 2016 | Respectfully submitted,<br>/s/     Caleb Mason<br>Marri Derby<br>Caleb Mason<br>Attorneys for Peter Wexler |